# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 10, 2013 Session

## PAMELA RENEE CANTRELL v. JESSIE ARVIL CANTRELL

**Appeal from the General Sessions Court for White County**
**No. CVII364, 2901     Sammie E. Benningfield, Jr., Judge**

---

**No. M2012-01847-COA-R3-CV - Filed May 23, 2013**

---

Former wife appeals the assessment of past child support to her and the court's disposition of her motion to hold former Husband in contempt of court.  Finding no error, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Pamela Renee Cantrell, Sparta, Tennessee, Pro Se.

Cindy Howell Morgan, Sparta, Tennessee, for the Appellee, Jessie Arvil Cantrell.

## OPINION

This case comes before us for the second time.  Pamela Cantrell ("Wife") and Jessie Cantrell ("Husband") were divorced by order entered November 18, 2008.  Wife appealed the division of marital property, specifically, the court's award of the marital residence and real property on which Husband's transmission repair shop was located to Husband with Husband being required to pay $20,500 to Wife, contingent upon Wife's signing certain income tax returns.  We affirmed the award of the marital property to Husband but modified the judgment to remove the contingency to Wife's monetary award.

On April 20, 2012, Wife filed a Motion for Contempt seeking to have the court address Husband's asserted failure to comply with the divorce decree.  Wife's motion was heard on July 2, along with a petition to set child support which Husband had filed a year earlier in a companion dependent and neglect proceeding in which custody and support of

the parties' minor child was being addressed. On August 9 the court entered an order requiring Husband to pay Wife $20,000 within sixty days; requiring Wife to retrieve all personal property awarded to her within sixty days; and setting Wife's support at $281 per month from June 27, 2008 to May 15, 2011.

Wife appeals, contending that the court erred in assessing child support against her and in failing to impose further punishment for Husband's failure to pay Wife the $20,500.

I. Child Support

The record reflects that parties' child, who was a minor at the time the divorce proceeding was initiated, was the subject of a dependent and neglect proceeding which had been filed by the Department of Children's services in February 2007. On August 24, 2007, the Juvenile Court entered a Protective Custody Order which included the following matters pertinent to this appeal: reciting the circumstances regarding the child's removal from the home; memorializing certain agreements reached between DCS, Wife and Husband at a Family Team Meeting held on December 19, 2006 addressing the conditions which led to the child's removal and that Wife had not complied with the requirements imposed on her in the agreement[1]; placing temporary custody of the child with DCS; and providing a copy of the order to the Child Support Division of the District Attorneys Office for the handling of child support proceedings. Orders were entered on October 17 and October 26 continuing DCS's custody of the child; on March 31, 2008, the court entered a dispositional order which provided that the child would be placed on a 90 day trial home visit with Husband and, if the home visit was successful, custody would return to Husband on June 24.[2] On June 27, 2008, the court entered an order transferring custody of the child to Husband.[3]

Husband initiated the divorce proceeding in August 2007. The Final Decree of Divorce recited the following with respect to custody and support of the child:

> The Court finds that the Juvenile Court of White County, Tennessee, initially removed the parties' minor child, Amanda Cantrell, born May 1, 1993, from the parties' home and subsequently awarded sole custody of the child to

---

[1] Particular concern was raised relative to conflict between Husband and Wife and Wife's alleged "yelling, cursing, using profanity and shouting vulgarities"; among other things, the parties agreed that Husband and Wife would undergo family and individual counseling and complete mental health assessments.

[2] The order recites that the parties stipulated to the finding of dependency and neglect and agreed to the disposition.

[3] Each of the orders reflects that Wife was present at the hearings which resulted in the orders.

her father, the Plaintiff in this action; therefore, the Juvenile Court of White County shall retain complete jurisdiction with regard to custody and support issues for the minor child.

On June 9, 2011, Husband filed a petition in Juvenile Court to set support from June 27, 2008 to May 2011, when the child graduated from high school; the record does not reflect that Wife filed a response to the petition.

In the order from which this appeal has been taken, the court determined that the amount of support Wife should have paid from June 2008 through May 2011 was $10,020.46, based on Wife earning $7.25 per hour for a forty hour week and Husband earning $30,000 per year. At oral argument of this appeal, Wife took issue with the court's consideration of the motion to set support; she did not contend that support should not have been ordered, that she paid support, or that the amount was improperly calculated; she complained that the assessment of support against her was inappropriate and unfair in light of the record and, particularly Husband's failure to pay her $20,500 ordered in the divorce proceeding. We find no error in the either the court's consideration of support or the amount assessed to Wife.

As noted by the court in its order, both parties have a duty to support the child. Tenn. Code Ann. § 34-1-102(a), (b); *see State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244 (Tenn. Ct. App. 2000) (holding that the duty to support extends to permit a court award of back support). The record before us shows that support was not addressed in the divorce proceeding because that issue, along with custody and visitation issues, was being addressed in the dependent and neglect proceeding. It was entirely appropriate for the court to entertain Husband's motion to set support and to hold a hearing at the same time it heard Wife's contempt petition.[4] There is no transcript or properly certified Tenn. R. App. P. 24(c) statement of the evidence in the record; consequently, to the extent Wife contends that the calculation of the parties' respective incomes or the amount ordered for support is not supported by the evidence, we affirm the same.[5]

---

[4] Wife suffered no prejudice by Husband's delay in getting a hearing on his petition to set support, since the period for which support was set had transpired at the time the petition was filed.

[5] In cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court. *Reinhardt v. Neal*, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

## II.  Contempt

Wife filed a motion seeking to have Husband held in civil contempt; in the order under appeal, the court ordered Husband to pay Wife $20,000 within 60 days.  At oral argument, Wife contended that the court should have imposed further punishment on Husband.

Civil contempt sanctions, unlike criminal contempt sanctions, are intended to coerce a party to comply with the court's order. *Doe v. Bd. of Prof'l Responsibility,* 104 S.W.3d at 465, 473 (Tenn. 2003).  Punishment for contempt should fit the offense, and the court against whom the contempt is committed is in the best position to fashion the appropriate punishment consistent with the applicable legal principles. *Walker v. Walker,* No. M2002-02786-COA-R3-CV, 2005 WL 229847, at *3 (Tenn. Ct.App. Jan. 28, 2005 (No Tenn. R.App. P. 11 application filed).  Accordingly, courts have inherent authority to order punishment for acts of contempt, *Reed v. Hamilton,* 39 S.W.3d, 115,117-18 (Tenn. Ct. App. 2000), and their exercise of this power is discretionary. *Hawk v. Hawk,* 855 S.W.2d 573, 583 (Tenn. 1993) (citation omitted); *Hill v. Hill,* 152 S.W.3d 543, 548-49 (Tenn. Ct. App. 2004); *Freeman v. Freeman,* 147 S.W.3d 234, 242 (Tenn. Ct. App. 2003).

Once again, we presume that there is an adequate factual basis to support the action of the trial court.  As noted, the purpose of civil contempt is to coerce compliance with the orders of the court; giving Husband sixty days to comply was appropriate in this regard and not an abuse of the court's discretion.[6]

## III.  Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

RICHARD H. DINKINS, JUDGE

---

[6] At oral argument, Husband's counsel stated that Husband had tendered a check for $10,000 to Wife, representing the $20,000 minus the amount of child support Wife had been ordered to pay, but that Wife had refused the tender.  It appears, therefore, that Husband attempted to comply with the court's order; we encourage Wife, in light of our affirmance of the child support order, to do the same and for Husband's counsel to note on the court's record that the child support judgment has been satisfied.